UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARRETT LEFFLER,

    Plaintiff,

v.                                                                          CASE No. 8:05-CV-40-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

    The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision shall be affirmed.

I.

    The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has completed two years of college and earned an associate's degree in criminal justice, has worked primarily as a corrections officer (Tr. 65, 345, 348, 369-70).  He filed a claim for Social

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

Security disability benefits, alleging that he became disabled due to lumbar disc protrusion and degeneration, cervical disc protrusion/herniation, degenerative joint disease, and arthritis (Tr. 59).  The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff has severe impairments of Hepatitis C, cirrhosis of the liver, and mild spondylosis of the cervical and lumbar regions of his spine (Tr. 15).  He determined that the plaintiff has the residual functional capacity to perform a broad range of sedentary to light work involving routine tasks.  The law judge added that this work must offer a sit/stand option, with limited bending, stooping, and climbing, and be in an environment that does not expose the plaintiff to temperature extremes (id.).  In light of this residual functional capacity, the law judge concluded that the plaintiff could not return to his relevant past work (Tr. 19). However, based upon the testimony of a vocational expert, the law judge concluded that the plaintiff could perform work that exists in the national economy, such as teacher's aide, gate guard, and file clerk (Tr. 18). Accordingly, the law judge found the plaintiff not disabled (Tr. 18, 20).  The

Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge found that the plaintiff has the residual functional capacity to perform sedentary to light work that has a sit/stand option with a limitation for occasional bending, stooping, climbing and prolonged standing in an environment without temperature extremes (Tr. 15). The plaintiff does not challenge the law judge's finding of his residual functional capacity.

Rather, his sole argument is that, given the plaintiff's residual functional capacity, the law judge erred in finding that the plaintiff could perform the semiskilled jobs of teacher's aide, gate guard, and file clerk (Doc. 15, pp. 6-8).[2]

The plaintiff argues that, because he lacks transferable skills, "any ... work for which [he] is found capable must be at the unskilled level" and the three types of jobs identified by the vocational expert do not fall into that category (id. at p. 6).[3] At the outset, the plaintiff's argument is unpersuasive because he has not cited any legal authority holding that a claimant without transferable skills can perform only unskilled work. The

---

[2] The plaintiff comments that the law judge stated that the plaintiff could perform a broad range of sedentary to light work, and also that he could perform a significant range of light work (Tr. 19). These statements do not seem to me to be inconsistent characterizations of the plaintiff's residual functional capacity. Moreover, even if there were some semantic tension, that would not constitute reversible error, as the plaintiff acknowledges (Doc. 15, p. 6), since the residual functional capacity, however characterized, would not change.

[3] The jobs of gate guard and file clerk have a skill level of 3, which is characterized as semiskilled work (Docs. 16-5, 16-6). Semiskilled work is defined as requiring more than thirty days to learn, and the content of the work involves "more variables and require[s] more judgment than do unskilled occupations" (SSR 82-41(2)(d), attached as Doc. 16-2). A teacher's aide also has a skill level of 3 (see Dictionary of Occupational Titles, Code 249.367.074). However, based on the erroneous code number provided by the vocational expert, the plaintiff included in his memorandum information corresponding with the skilled job of career-guidance technician (Doc. 16-4). Notwithstanding the erroneous code number, the vocational expert clearly stated that it was her opinion the plaintiff could be a teacher's aide, not a career-guidance technician (Tr. 367).

Commissioner points out that, to the contrary, the regulations show that an absence of transferable skills does not preclude assignment to semiskilled work. See, e.g., 20 C.F.R. 404.1564(b)(4) (stating that an individual with a high school education is generally considered capable of performing semiskilled and skilled work).

In all events, there is substantial evidence supporting the law judge's determination that the plaintiff can perform the jobs of teacher's aide, gate guard, and file clerk. In this case, the law judge relied upon the testimony of a vocational expert in determining that the plaintiff could perform those jobs (Tr. 18). "A vocational expert is an expert on the kinds of jobs an individual can perform based on his ... capacity and impairments." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Therefore, a vocational expert's testimony constitutes substantial evidence if the hypothetical question the law judge presents to the vocational expert contains all of the claimant's impairments. Id. at n.7.

Here, the law judge posed to the vocational expert the following hypothetical (Tr. 367):

> Q: Assume that an individual has the same age, education, and work experience as the Claimant, has a fine residual functional capacity capable of

> light sedentary work with a sit stand option, with an occasional limitation as far as bending, stooping, climbing, prolonged standing, but capable of performing routine tasks in an environment without temperature extremes, are there any jobs?
>
> A: Yes, sir.
>
> Q: What are they?
>
> A: Examples would be teachers aid[e], gate guard, and file clerk.

Thus, the vocational expert rendered an opinion based on a hypothetical which included the plaintiff's age, education, vocational factors, and residual functional capacity. As indicated, the plaintiff does not challenge the residual functional capacity presented in this hypothetical. Therefore, the law judge's determination that the plaintiff could perform the jobs of teacher's aide, gate guard, and file clerk is supported by substantial evidence.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk is directed to enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>20th</u> day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE